

# IN THE
# TENTH COURT OF APPEALS

### No. 10-21-00233-CV

## EX PARTE EARNEST JOHNSON

### U.S. District Court
### Southern District of Texas
### Trial Court No. 4:21-cv-00035

## MEMORANDUM  OPINION

We received the following documents from Appellant Earnest Johnson:  a "Notice of Appeal," an "Application to Proceed Without Prepayment of Fees and Affidavit," a "Brief," and a letter indicating that it included a copy of Johnson's inmate account from the last six months.  We filed the documents in this civil proceeding; however, Johnson was notified by letter from the Clerk of this Court, dated September 21, 2021, that it appeared that we lack jurisdiction over this appeal because it appeared that there was no final judgment or appealable order in this case and because we lack jurisdiction over a judgment entered by a federal district court.  The September 21, 2021 letter further notified Johnson that the Court may dismiss this appeal unless, within twenty-one days of the date of the letter, a response is filed showing grounds for continuing the appeal.

On October 4, 2021, we received a response from Johnson that establishes that he is appealing from a "Memorandum Opinion and Order" entered by a United States District Judge for the Southern District of Texas—Houston Division.

This Court has jurisdiction to hear only appeals taken from final judgments and from certain interlocutory orders where specific statutory authority permits an appeal before final judgment. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 51.012, 51.014; *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2002). Furthermore, under the Texas Constitution, this Court's appellate jurisdiction is limited to: (1) cases arising from our district, which is comprised of "the counties of Bosque, Burleson, Brazos, Coryell, Ellis, Falls, Freestone, Hamilton, Hill, Johnson, Leon, Limestone, Madison, McLennan, Navarro, Robertson, Somervell, and Walker," TEX. GOV'T CODE ANN. § 22.201(k); and (2) cases of which the state district courts or county courts have original or appellate jurisdiction. *See* TEX. CONST. art. V, § 6.

Here, Johnson is attempting to appeal from an order that was not entered by a state district court or county court in this Court's district. Accordingly, we dismiss this appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a); *see also* TEX. CONST. art. V, § 6; TEX. GOV'T CODE ANN. § 22.201(k).

Absent a specific exemption, the Clerk of the Court must collect filing fees at the time a document is presented for filing. TEX. R. APP. P. 12.1(b); *see id.* R. 5. But based on Johnson's "Application to Proceed Without Prepayment of Fees and Affidavit," we conclude that Johnson is not required to pay costs in this appeal. *See id.* R. 20.1(a) (defining "costs" as "filing fees charged by the appellate court"); *id.* R. 20.1(c) ("An

appellate court may permit a party who did not file a Statement of Inability to Afford

Payment of Court Costs in the trial court to proceed without payment of costs.").


                                           MATT JOHNSON
                                           Justice


Before Chief Justice Gray,
      Justice Johnson, and
      Justice Smith
Dismissed
Opinion delivered and filed October 6, 2021
[CV06]

